### CLARK, ESTATE OF, In Re

Probate Court, Franklin Co

No 92947. Decided Sept 17, 1941

Ray A. McFadyen, Columbus, for Orla E. Rickey, Guardian of Roberta Lee Rickey, a Minor.

Paul Ashbaugh, Columbus, for Myrtle A. Clark, surviving spouse.

### OPINION

By McCLELLAND, J.

This matter is submitted to this Court upon the written Agreed Statement of Facts, which writing has been deposited in this Court. The Court therefore adopts that Statement as the set of facts upon which it is asked to make its order. We will not incorporate that Statement in this decision.

This application again puts upon this Court the obligation to construe, or attempt to construe, the ambiguous, indefinite and confusing language of the exemption statute. We have considered and reconsidered this statute.

It seems that the statutes have two contingencies, one when a person leaves a surviving spouse with or without minor children, and the other in which the deceased leaves minor children only. In the first case the property exempted shall be selected by the surviving spouse. In the second instance in which there is no surviving spouse, the exempted property shall be chosen by the guardian or next friend of the minor child or children. In case there is a surviving spouse the exempted property shall be in value not to exceed $2500.00. In case there be no surviving spouse but a minor child or children, then the value of the exempted property is limited to $1000.00. In either case if the exempted property at its appraised value is not equal in value to the amount of the exemption the difference then is to be paid in money. The statute does not specifically direct the fiduciary to pay the money to the surviving spouse or the guardian or next friend, but it specifically says that the "surviving spouse, guardian or next friend shall receive such sum of money".

Upon reading this statute it appears that if there is a surviving spouse the surviving spouse has the right to receive such money. If there be no surviving spouse then the guardian or next friend shall have the right to receive the money. It also seems that if there be a surviving spouse and minor child or children, the surviving spouse shall have the right to receive such sum of money, but the statute does not specifically so state.

The following statute, being §10509-55 provides that the property so exempted from administration shall remain in the possession of the surviving spouse during such time as the surviving spouse lives with and provides for such minor child or children, except the money and except the wearing apparel of the deceased. In case the surviving spouse ceases to live with the children and provide for them, she then is permitted to retain the surviving spouse's' wearing apparel, ornaments, and one bed, bedstead and the bedding for it, and the other property shall belong to the minor child or children. In such a case the guardian or next friend should take possession of that particular property belonging to the children. There therefore seems to be wisdom in the provision that the surviving spouse should retain possession of all of the

exempted property until the contingency of failure to provide for the children should arise. When that contingency should arise, then the remaining exempted property should go into the possession of the guardian or next friend of the minor children.

This statute further provides if there be a surviving spouse and no minor children, then such articles shall belong to the surviving spouse. Then follows the sentence which has given this and other courts a great deal of trouble. It reads as follows:

"Such exempted sum of money as is received by a surviving spouse shall belong to such surviving spouse."

It is to be noted that all of the foregoing provisions of this particular statute deal with the chattel property selected as exempted property. It makes no mention of the money until we come to the sentence just quoted.

A Court cannot change the language of the statute, and the best and only thing it can do is to ascertain the meaning of the statute. When the legislature amended the Probate Code in 1931, and particularly amended the statutes of descent and distribution, it abolished the vested right of dower and substituted therefor an undivided interest in the estate of the deceased on behalf of the surviving spouse. It made the surviving spouse an heir of the deceased. In addition thereto, it greatly enlarged the amount of the exempted property for the surviving spouse and minor child or children.

It has been stated that the committee which drew the new probate law which became effective on January 1, 1932, enlarged the amount of the exemption for the reason that the law extinguished the vested right of dower upon the death of the consort. It is quite probable that the committee had this in mind when it formulated the last sentence of §10509-55. But, whatever the intention of the committee may have been, the language of the last sentence of that statute is clear and unequivocal. The language we cannot change.

We are therefore compelled to come to the conclusion that inasmuch as there was no chattel property chosen by the surviving spouse under the provisions of §10509-54, and, inasmuch as the entire exemption consists of money, we must hold that the money belongs to the surviving spouse and that we have no power to direct the payment of any of same to the guardian or next friend of this surviving minor child.

We might say in passing, we do not agree with the wisdom of this statute, but as long as the statute exists, we are compelled to follow its provisions.

The same question has been presented to this Court in two other cases, one in the Estate of Frank E. Cowden, No. 73413, and the other in the Estate of Frieda G. Arnold, No. 80825. In both of these cases we have held that in the particular matter the Court had no authority to make an apportionment of the money which became a part of all of the exemption.

An order may be drawn in harmony with this opinion.